UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

****************************************************

UNITED STATES OF AMERICA,                          *

                         Plaintiff,        *

               -v-   09-CR-467           *

RONALD FERRARO,                                    *

                     Defendant.        *

****************************************************


     Transcript of Sentencing regarding the above-referenced matter, held before the Honorable Glenn T. Suddaby, United States District Court Judge, at the James T. Foley United States Courthouse, 445 Broadway, Albany, New York, on October 9, 2012.


APPEARANCES:   OFFICE OF THE UNITED STATES ATTORNEY
               445 Broadway
               Albany, New York   12207
                   By:  Daniel Gardner, A.U.S.A.

               MOSES, SINGER LAW FIRM
               Attorneys for Defendant
               405 Lexington Avenue
               New York, New York   10174
                   By:  Robert S. Wolf, Esq.

U.S. v RONALD FERRARO - 09-CR-467

1          COURT CLERK:  Today is Tuesday, October

2   9th, 2012, the time is 11:07 A.M., the case is United

3   States of America versus Ronald Ferraro, case number

4   09-CR-467.  We are here today for a sentencing.  May we

5   have appearances for the record, please.

6          MR. GARDNER:  Daniel Gardner on behalf of

7   the government, your Honor.

8          THE COURT:  Good morning.

9          MR. WOLF:  Robert Wolf for Ronald Ferraro

10   to my right.  Good morning.

11          THE COURT:  Good morning.  Good morning,

12   Mr. Wolf.  Mr. Wolf, we here for sentencing.  Are you and

13   your client prepared to proceed?

14          MR. WOLF:  Yes, we are.

15          THE COURT:  Very well.  Counsel, have you

16   received a Pre-Sentence Report which was dated August 8th

17   of this -- 2011, and addendum dated October 4th of 2011,

18   and a second addendum which was dated October 2nd, 2012?

19   Did the government receive those documents?

20          MR. GARDNER:  Yes, your Honor.

21          THE COURT:  Mr. Wolf, did you receive

22   those documents?

23          MR. WOLF:  Yes, your Honor.

24          THE COURT:  Have you had an opportunity to

25   share them with your client?

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1          MR. WOLF:  I have, your Honor.

2          THE COURT:  Very well.  Court received a

3 number of different letters on behalf of Mr. Ferraro and

4 I'm going to list those documents for the record.

5          Received a letter from a Vincent Cigna; a

6 letter from a Janet Ferraro; a letter from Arlene Simon,

7 R.N.; a letter from a Reverend Brenda S. Overfield; a

8 letter from a Ben Blatt; a letter from Michael Dean; a

9 letter Kevin Loughran; a letter from Jane Loughran; a

10 letter from James Varriale I believe is how you say it; a

11 letter from Ciro Ciccarelli, M.D.; a letter from

12 Elizabeth Henry; a letter from -- Court received this

13 morning a letter from Mr. Ferraro himself, a letter from

14 Andrea Reeves on behalf of Mr. Ferraro.

15          Government received copies of those

16 documents?

17          MR. GARDNER:  I believe I have all those

18 documents, your Honor.

19          THE COURT:  Very well.  Counsel, any

20 objections to the fact as stated in the Pre-Sentence

21 Report?  For the government?

22          MR. GARDNER:  No, your Honor.

23          THE COURT:  Mr. Wolf?

24          MR. WOLF:  Two minor corrections.  One,

25 paragraph 30 lists Mr. Ferraro's father's age as 57, he

1    passed, he was 52 years old, and paragraph 40 of the

2    Pre-Sentence Report indicates that he worked for his

3    father from 2005 to 2007.  I think that's perhaps

4    referring to full-time work.  He worked for his father

5    from age 16 through high school and through college

6    continuously.

7              THE COURT:  Okay.

8              MR. WOLF:  Those are the only corrections.

9              THE COURT:  Other than those corrections,

10    Mr. Wolf, any objections to the facts?

11              MR. WOLF:  No, your Honor.

12              THE COURT:  Very well.  Any objections to

13    the offense level calculation in the Pre-Sentence Report?

14    For the government?

15              MR. GARDNER:  No, sir.

16              MR. WOLF:  No, your Honor.

17              THE COURT:  How about the criminal history

18    computation?  Government have any objection?

19              MR. GARDNER:  No, sir.

20              MR. WOLF:  No, your Honor.

21              THE COURT:  Very well.  Mr. Gardner, on

22    behalf of the government, go ahead, sir.

23              MR. GARDNER:  Your Honor, the government --

24    unless the Court has any particular issues or concerns,

25    government will rest on its papers.

U.S. v RONALD FERRARO - 09-CR-467

1          THE COURT:  The only thing I would

2    appreciate for the record --

3          MR. GARDNER:  Yes, sir.

4          THE COURT:  In your memorandum you

5    submitted to the Court you objected to the offense level

6    calculations with regards to safety-valve eligible.

7          MR. GARDNER:  Your Honor --

8          THE COURT:  My understanding that you're

9    going to withdraw that objection; is that correct?

10         MR. GARDNER:  That's correct, your Honor.

11   At this time the government believes all the aspects of

12   safety valve have been met, and the defendant is now

13   eligible for safety valve.

14         THE COURT:  So you don't have any

15   objection to the guideline range of 18 to 24 months?

16         MR. GARDNER:  No, sir.

17         THE COURT:  Very well.  Thank you.

18   Mr. Wolf, on behalf of your client?

19         MR. WOLF:  Yes, your Honor.  If Your Honor

20   please, this is a very difficult and unique case, of

21   course, every case stands on its own facts and

22   circumstances.  Every individual is different than all

23   others.

24         In my 30 years of practice I have come

25   across individuals that have had an affect on me both as

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    a lawyer and as a human being.  When I say over a period

2    of time, an extensive period of time it's necessary to

3    make those judgments.  Certain quality traits that are

4    consistent in your own experience and then when you

5    learn, as I have, you know, through the letters and

6    family members and friends and all the -- written to the

7    Court, and who I have spoken with and who quite

8    impressingly have come to court today, taking off from

9    their jobs and 20 friends and family -- majority

10    friends -- here to show their support for Mr. Ferraro,

11    but I'd like to point out, your Honor, what -- what that,

12    I respectfully submit, signifies.

13              Your Honor is on the bench and sees cases

14    all the time.  Your Honor, former prosecutor, there are

15    individuals who, I submit, are criminals who spend every

16    day of their life or a good part of it in the course of

17    their conduct committing crimes, scheming, cheating,

18    figuring out ways to conduct a life of dishonesty, all of

19    which runs afoul of the law and then there are other

20    people like Mr. Ferraro, okay, who have previously had an

21    unblemished record, no contact at all with the criminal

22    justice system, was on the right track, went to high

23    school, college, was brought up in a certain way, brought

24    up the right way, in the shadow of his father and then

25    made a serious mistake, which of course is a serious

1    crime and that's why he's here today.  He accepts full

2    responsibility for it, your Honor; he blames no one.

3    While it's tragic that his father died and all of this

4    occurred at a certain point in time, it's not an excuse,

5    any way, shape or form nor does Mr. Ferraro claim for one

6    second that's there any excuse for his conduct; he

7    accepts full responsibility for it.

8              More importantly, he has demonstrated not

9    just with words as acceptance of responsibility, but I

10   respectfully submit with his actions two things, your

11   Honor, can come now, from both the letters written to the

12   Court and Mr. Ferraro's own conduct, which I respectfully

13   submit speaks volumes and also I would submit it's

14   consistent with the holdings and the teachings of Gold

15   versus United States, the United States Supreme Court's

16   decision upholding a sentence of probation in the face of

17   a Guideline range of 30 to 37 months in the Pre-Sentence

18   Report.

19             With the Court stating any term of

20   imprisonment in this case would be counter-effective by

21   depriving society of the contributions of the defendant

22   who the Court has found understand the consequences of

23   his criminal conduct and is doing everything in his power

24   to forge a new life, the defendant's post-offense conduct

25   indicates neither that he will return to criminal

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   behavior nor that the defendant is a danger to society.
2   In fact, the defendant's post-offense conduct was not
3   motivated by a desire to please the Court or any other
4   government agency or the direction of -- of any
5   governmental agency but was the product of the
6   defendant's own desire to lead a better life."
7           I submit, your Honor, that speaks exactly
8   to the type of person that Mr. Ferraro is and what he's
9   done before this one-time serious mistake in his life and
10  what he demonstrates by his work ethic following the
11  footsteps of his father, working through high school and
12  through college for the father's business of countertops,
13  short service stop is what it's called.
14          When his father passed away,
15  notwithstanding the tragedy that befell upon his family,
16  rather than -- as his letter indicates, rather than just
17  fall into despair as he was crushed like every other
18  member, Mr. Ferraro stepped up to the plate and continued
19  working, forming a furniture store and then thereafter,
20  your Honor, going back into the granite business that he
21  was in for his entirety.
22          I get back to the people that are in the
23  court, your Honor, and what I said about -- there are
24  criminals and then there are those who commit serious
25  mistakes, crimes like this case.  People don't write

1    letters to the Court that say what they say in this case.

2    I respectfully submit community, the friends and the

3    family don't show up for -- to court, take in the numbers

4    and the amount that's here today, coming up from eastern

5    Long Island all the way up to Albany today.

6              This is my experience, I submit,

7    practicing 30 years, family always comes, family will

8    come, you know, most respectfully for the worst offender.

9    But when the community speaks, the community speaks like

10   they do today in court and in the letters that are

11   written by various people who in their words describe his

12   actions, I find in his actions the way I read, your

13   Honor, is that someone is -- has led a selfless life up

14   until a certain point where he's done all the right

15   things, engaged in not only leading by example, following

16   his father's footsteps, but by -- in some respects,

17   giving for the sake of giving.

18              As you read the letter, your Honor, and

19   one in particular by Miss Calderaro, the school teacher

20   that was living in the Ferraro home and she commented how

21   he did several things that he didn't have to do for her

22   and for her family.  He noted at the very end he did this

23   on his own, there was no reason for him to do it other

24   than that he wanted to do something and didn't have --

25   had no obligation whatsoever, took it upon himself to do

U.S. v RONALD FERRARO - 09-CR-467

1    the right thing, giving for the sake of giving, your

2    Honor.  There is nothing better as a quality in people

3    and I see that as Mr. Ferraro's life before this offense,

4    okay, and then after this offense.  He's lived in his

5    father's shadow, his father passed away at a young age,

6    he made this serious mistake but he's used this, this

7    case, this mistake, okay, to create an opportunity for

8    himself to get right back on track and now lead the way

9    his father had led all those years.

10                   We sit here today, your Honor, almost

11   three and a half years after this offense was committed.

12   So we have a significant amount of time that has passed

13   that I submit you can look at Mr. Ferraro today and see

14   clearly that he is not the person today who committed

15   this offense over three years ago and he is not that --

16   he has not been that person for his entire life but for

17   that period of time when he made this mistake.  He's now

18   standing here in front of the people who mean so much to

19   him -- his fiancee, his mother.

20                   I will point out, your Honor, that as

21   you've read, he and his brothers of course mean so much

22   to his mother, who is now a widowed mother, and they are

23   there to help their mother but they have let down their

24   mother and he has let down his mother and he's shamed his

25   father's memory.  That's what I say created the

1    opportunity for Mr. Ferraro, say I'm going to go forward

2    okay and I'm going to make my father's memory proud and

3    act like my father and be like my father and that's all

4    he's done, your Honor, since the time of the offense.

5    That's all he's done.  Go right back into the business,

6    form a business, build a business, build a second

7    business, related to the same -- one that, of course,

8    involves the -- the environment and I could tell Your

9    Honor and -- and I have seen pictures where they

10   literally take dumpsters, what would otherwise be

11   thrown-away pieces of granite from jobs that have been

12   completed and they take those waste products and make

13   them into new pavers that are used on jobs.

14              That's the nature of their -- of their

15   recycling method and rather than these companies paying

16   to have their trash or their extra marble and granite

17   hauled away, Mr. Ferraro and his companies, companies

18   being he himself, this is the Greenwich Green Company, he

19   himself, and his brother and four employees comprise that

20   company and eight employees comprise the Bella Granite

21   Company.

22              I will point out and I will get back to

23   his fiancee in a moment -- there are workers, okay, in --

24   in the Bella -- both companies -- who have come to court

25   today to show their support for Mr. Ferraro.  That is the

1    effect that he's had on people and, again, your Honor, I

2    emphasize that it's not by words, it's not by some song

3    and dance to convince people that -- in a moment please

4    help me.  This is who I am, this is what I promise to do.

5    Words mean nothing.  It's all that he's done and his

6    actions that speak volumes.

7              His fiancee, your Honor, her mother passed

8    away a few years ago at the age of 42.  Okay.  Her father

9    passed away approximately a month ago at the age of 52; I

10   know you read her letter this morning.  Okay.  She looks

11   at Ronald as the rock that's going to support her in the

12   future.

13             She does indicate, your Honor, something

14   in the letter that I think both bears very well on Mr.

15   Ferraro and her.  They have taken the responsible

16   approach of course.  While Miss Reeves wants to have a

17   baby and get pregnant, okay, responsibly of course, they

18   have done nothing pending the outcome of today's

19   proceedings, okay, wouldn't be -- it would be

20   irresponsible, okay, in the worst degree for a family to

21   have begun only to have a father be separated by

22   custodial sentence, okay, or worse yet, to leave a

23   pregnant wife or fiancee behind.  No way, no how is that

24   going to happen with these people.  Ultimate respect for

25   the system.

1          I spoke of my own experience, your Honor,

2   when my mother passed away June of last year.  Ron and

3   his brother Matt both came to my house to pay respects to

4   my father and my family and also provided the largest

5   fruit platter I had ever seen.  In the midst of all of

6   this sorrow and all the outpouring of support for my

7   family I remember that vividly, and I also remember that

8   not only did they come to my family but Mr. Ferraro

9   through -- a few summers ago offered my oldest son, who

10  is now a sophomore in college, a summer job at Bella

11  Granite and my son worked there day in and day out, and a

12  job as a laborer, hard work, and although he would never

13  admit it to me, I always felt Ron had -- although no

14  obligation to -- had created this position just so my son

15  could have a job.

16          But I tell you, your Honor, that -- as you

17  could appreciate this, and provide the most valuable

18  lesson that my son could ever have a life to learn how to

19  perform an honest day's work.  He went there early in the

20  morning, worked until the end of the day's hard work, he

21  did it day in and day out, it's how I was brought up, in

22  a family working in the corporate business installing

23  carpet.  It was invaluable to my son who had no

24  experiences before he went to college.

25          Just like that, he literally did right

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    until he left to become a freshman at the University of

2    Tampa last year.  It speaks, again -- your Honor, I'm

3    doing this 30 years, I haven't had clients offered jobs

4    to my -- I haven't had the ability to observe from close

5    and afar someone like Mr. Ferraro.

6                    Your Honor, the Supreme Court upholding

7    the Gall sentence stated this District Court quite

8    reasonably attaches great weight to goals, self-motivated

9    rehabilitation which was undertaken not at the direction

10   of -- under supervision by any Court, by on its own

11   initiative.  This also lends strong support to the

12   conclusion that imprisonment was not necessary to deter

13   Gall from engaging in future criminal conduct or to

14   protect the public from his future criminal acts.  That's

15   the Supreme Court speaking and, again, your Honor, I

16   respectfully submit that applies in its entirety to Mr.

17   Ferraro's situation.  A situation, your Honor, that he's

18   demonstrated he's -- he's earned, if Your Honor so saw

19   fit, to impose a non-custodial sentence in this case.

20                    It's a -- a sentence range of 18 to 24

21   months.  I know it's indicated by the guidelines, this is

22   unique in the sense that Your Honor has had a very clear

23   picture of Mr. Ferraro's life before and very clear

24   picture of after to see as he sits here today a -- is a

25   custodial sentence necessary to protect the community, is

1    he a danger to the community, does it appear that he's

2    recognized the wrongfulness of his conduct and will not

3    engage in any future criminal conduct, I respectfully

4    submit all of that is answered in the affirmative.

5              Needless to say, your Honor, that if you

6    impose a non-custodial sentence on Mr. Ferraro, he would

7    still be under the supervision of the Court, that, as the

8    Supreme Court pointed out, okay, with certainly -- Gall

9    Court would certainly undergo the very severe

10   consequences of any violation of any probation or

11   supervised release sentence.

12             Your Honor, for all of those reasons I ask

13   that you impose on Mr. Ferraro a non-custodial sentence

14   in this case.  I think it's -- he has earned the

15   consideration of the Court to continue on with his life

16   the way he has, form a new life, rehabilitate himself

17   from the time of the offense until now.  Thank you.

18             THE COURT:  Mr. Ferraro, would you like to

19   be heard, sir, before I impose sentence?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Please stand up and go ahead.

22             THE DEFENDANT:  First of all, I start off

23   by saying I'm -- I'm -- how sorry I am for the crime I

24   committed.  How disgraceful I am.  As to the Court, I'm

25   sorry to the Court, I'm sorry to you, the government, but

1    I also want to let you know how ashamed I am of the crime

2    that I committed.  When my dad died I was the eye and the

3    father figure of the family and I let everybody down.

4    First, I let my mother down after she lost her husband,

5    now I -- I -- I have a chance that she can lose the last

6    two people, that she has lost me and my brother.

7              Second of all, I let down my wife, my

8    fiancee who is supposed to get married and have kids and

9    put a hold -- life on hold because of a stupid mistake I

10   made.  And he also told you about what happened with our

11   family and she needs me more than ever and now I have a

12   chance to believe in her.  I'm all she has left.

13             But most of all, I'm really ashamed.  That

14   kills me every day.  You don't understand how much it's

15   killed me deep inside, as I described my father's,

16   brother's life.  Anyway, from what you said, there's --

17   it was the biggest mistake of my life and even though it

18   was the biggest mistake of my life, it really made me

19   have perspective on life and what I need to do and the

20   right thing, to do the right thing, and I just put my

21   head down, ashamed, always ashamed of everybody.

22             So hard to even tell someone you got

23   arrested and people look at you different and just don't

24   put my head down, straight to work and the thing that I'm

25   a little proud of in the last three years I've built

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    these two companies together, one with my brother, that

2    I'm really doing successful.  I mean, I work 7 days a

3    week, 12 hours a day.  I mean, some days I'm not.  I'm

4    working a lot.

5              Besides that, what's -- the reason for the

6    -- I'm proud of it is because of the future for my

7    family, and I'm on the right track and basically I want

8    to let you know that this would never, ever, ever happen

9    again and you -- you don't understand how much this

10   killed me inside.  And I have disgrace from my mother, my

11   wife, my whole family, my community, my colleagues and,

12   like I said, most of all, my brother.  That's it.

13             THE COURT:  Okay, Mr. Ferraro.  Thank you.

14             The Court has received and considered all

15   the pertinent information, including, but not limited to,

16   the pre-sentence investigation report, submissions by

17   counsel and factors outlined in 18 U.S.C., Section 3553

18   and the Sentencing Guidelines.

19             Court finds that the total offense level

20   is 15, criminal history category is 1, and the guideline

21   imprisonment range is 18 to 24 months.  The Court is

22   going to impose a non-guideline sentence.  The reasons

23   for the non-guideline sentence are the lack of prior

24   criminal history, the fact that the -- the defendant has

25   done an exemplary job of pretrial release over the last

U.S. v RONALD FERRARO - 09-CR-467

1    two-plus years, almost three years, and the continued

2    success of his business, support of family and what

3    appears to be aberrant behavior and the long course of

4    other good deeds within the community.

5              The Court also has to recognize the

6    seriousness of this criminal offense, the fact that you

7    were involved in an international drug conspiracy, drugs

8    come across the United States border into the United

9    States for retail delivery in New York, the fact that --

10   the consistency of sentencing with regard to the

11   guideline range.

12             Therefore, the Court -- based upon your

13   plea of guilty to count two of the indictment, it is the

14   judgment of the Court that you are hereby sentenced to

15   the custody of the Bureau of Prisons for a term of 8

16   months.  Upon your release from confinement you are

17   sentenced to a term of supervised release for three

18   years.  While on supervised release you shall not commit

19   another federal, state or local crime; you shall comply

20   with the standard conditions that have been adopted by

21   this Court and you shall comply with the following

22   special conditions:

23             The first six months of the pretrial

24   release you will serve intermittent confinement six

25   months of weekends and in a local facility; you shall

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   also participate in a program for substance abuse which

2   shall include testing for drug and/or alcohol use and may

3   include inpatient or outpatient treatment.  The program

4   shall be approved by the United States Probation Office.

5              The defendant shall contribute to the cost

6   of any evaluation, testing, treatment or other monitoring

7   services rendered in an amount to be determined by the

8   probation officer based on your ability to pay and

9   availability of third-party payments.  The defendant

10  shall refrain from the use of alcohol while under

11  supervision.  Defendant shall forfeit to the United

12  States all right, title and interest in all property

13  listed in the forfeiture order.  Court finds that based

14  upon your financial obligations you do not have the

15  ability to pay a fine and therefore, no fine is imposed.

16             The defendant shall pay a special

17  assessment of $100 which is due and payable immediately.

18  Both parties have a right to appeal this sentence in

19  certain limited circumstances except for any waivers

20  included in the plea agreement.  You are advised to

21  consult with your attorney to determine whether or not an

22  appeal is warranted.  Any appeal must be filed within 14

23  days of the date of the judgment being filed in this

24  case.

25             Based upon your exemplary behavior while

U.S. v RONALD FERRARO - 09-CR-467

1    on pretrial release, Court shall allow you a surrender

2    date in this case.  You shall surrender to the custody of

3    Bureau of Prisons by reporting to an institution

4    designated by them by 2 P.M. on Tuesday, November 27th,

5    2012.  You shall contact the U.S. Marshal of this

6    district who will advise you of the institution

7    designated.

8              Mr. Ferraro, I want you to understand the

9    incredible break that you're getting here and there is

10   going to be a similar sentence for your brother but I'm

11   going to stagger that sentence.  He's not going to be

12   reporting for custody until sometime in July of next year

13   so your business can continue, and my understanding is

14   that you and your brother are in the business, at least

15   one business he's going to have to oversee both for you.

16             THE DEFENDANT:  Okay.  Thank you.

17             THE COURT:  So that your mother will have

18   somebody -- one of you available to her at all times.

19   That's what we are going to do.  And I think that --

20   based on your prior life experiences, what you've

21   demonstrated on pretrial release, that you earned that

22   from the Court.

23             THE DEFENDANT:  Thank you.

24             THE COURT:  Court feels that this sentence

25   is sufficient but not greater than necessary to reflect

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    the seriousness of this crime to serve justice as this

2    Court is required to do.

3                    So, therefore, good luck to you.  Contact

4    the Marshal's office.  They will let you know where you

5    have to report.

6                    MR. WOLF:  Your Honor, one thing further.

7    Will the Court recommend to the extent the Bureau of

8    Prisons would determine that Mr. Ferraro wants to be

9    designated to the northeast, close to home as possible to

10   -- if he's eligible for a -- a camp prison, camp -- can

11   it designate to a camp as well?

12                   THE COURT:  Yes.  I'm -- I'm not sure what

13   they do.  I can recommend for the eight months that they

14   designate him to a facility as close to Metropolitan

15   New York area as possible and, you know, depending, I'm

16   not sure how they designate people but certainly there

17   isn't any indication of any violence or -- and weapons

18   involved in this particular drug conspiracy that I'm

19   aware of with regard to Mr. Ferraro or his brother, so, I

20   think they would designate them accordingly.

21                   MR. WOLF:  Thank you very much.

22                   THE COURT:  Thank you.  Good luck.  Before

23   you rest on this case, Mr. Gardner, I believe counts one

24   and four of the superseding indictment --

25                   MR. GARDNER:  Yes, your Honor.  Government

1    moves to dismiss those counts at this time.

2              MR. WOLF:  No, opposition, sir.

3              THE COURT:  Thank you.  Mr. Gardner, on

4    the government's motion, the Court will dismiss counts

5    one and four of the superseding indictment with regard to

6    Ronald Ferraro.

7              (Whereupon, stenographic record concluded)

8              *  *  *  *  *  *  *  *  *  *

9

10

11              C E R T I F I C A T I O N

12

13

14      I, Lisa L. Tennyson, RMR, CSR, CRR, Official Court

15    Reporter in and for the United States District Court,

16    Northern District of New York, hereby certify that the

17    foregoing 21 pages of testimony taken by me to be a true

18    and complete computer-aided transcript to the best of my

19    ability.

20

21    _____

22              Lisa L. Tennyson, R.M.R., C.S.R., C.R.R.

23

24

25

              Lisa L. Tennyson, CSR, RMR, FCRR
         UNITED STATES DISTRICT COURT - NDNY